IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ISAAC EDWARD ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-4191-CV-C-NKL |
| | ) | |
| ALANA M. BARRAGAN SCOTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER**

Before the Court is the Motion to Dismiss [Doc. # 11] filed by Defendants Jackie Bemboom, Kip Stetzler, Lynn Bexten, Julie Scheppers, Glenda Beck, Chris Pieper, Ted Farnen, the Missouri Department of Revenue, the Missouri License Bureau, Brad Brester, and Alana M. Barragan-Scott. Plaintiff Allen also filed a Motion for Appointment of Counsel [Doc. # 25]. For the following reasons, Defendants' motion to dismiss is granted. Plaintiff's motion to appoint counsel is thus denied as moot.

**I.  Background[1]**

---

[1] The facts and legal arguments offered by Allen are taken from his original complaint, filed on July 29, 2011. Allen's amended complaint was filed without leave on December 5, 2011, almost a month after service of Defendants' responsive pleading, in violation of Federal Rule of Civil Procedure 15(a)(1)(B). In any event, Allen's amended complaint fails to offer new facts or legal arguments and no prejudice will thus ensue to Allen in denying him leave to amend his complaint.

In May 2007, Plaintiff Allen was arrested on charges of first degree assault, armed criminal action and discharging a firearm. Allen admits that these charges stemmed from actions he took when driving a vehicle. *See* [Doc. # 7 at 6]; [Doc. # 7-3]. On February 25, 2010, Allen pled guilty to unspecified charges and was sentenced to three years in state prison, with 34 months credited for time served. In mid-March of that year, Allen was released from the Missouri Department of Corrections at Bonne Terre, Missouri, and taken to the St. Louis Community Release Center. He was released from the Center on or about May 15, 2010. At some point prior to May 18, 2010, the Missouri License Bureau suspended Allen's commercial driver's license (CDL), which had an expiration date of February 15, 2011.[2] On May 18, 2010, Allen was pulled over by a police officer and arrested for driving with a revoked CDL. [Doc. # 1-1 at 9]. On May 19, 2011, the License Bureau notified Allen of his CDL's reinstatement, pending his meeting certain eligibility requirements. [Doc. # 7-13 at 8]. Since the date of his arrest, Allen has not been able to obtain a truck driving job, and states that he is unemployed, homeless and receiving food stamps as a result of the license revocation and arrest. [Doc. # 1-1 at 9].

Allen's pro se complaint alleges that Defendants have violated his right to due process for failure to give notice of his disqualification for a commercial driver's license before

---

[2] The law allowing for suspension of Allen's license is Mo. Rev. Stat. § 302.755.1(5), which permits the License Bureau to revoke a license holder's CDL for "[u]sing a commercial or noncommercial motor vehicle in the commission of any felony, as defined in section 302.700..."). Section 302.700 defines a felony as "any offense under state or federal law that is punishable by death or imprisonment for a term exceeding one year."

2

revoking the license. Allen also alleges violations of his Eighth Amendment right to be free from cruel and unusual punishment. [Doc. # 1-1 at 2]. Allen seeks ten million dollars in actual compensatory damages and fifteen million dollars in punitive damages. *Id.*

## II. Discussion

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Defendants seek dismissal of the complaint on the grounds that 1) the Eleventh Amendment bars Allen's claims against Defendants in their official capacity; 2) Allen fails to allege the requisite level of personal involvement for § 1983 liability; and 3) qualified immunity bars Allen's claims against Defendants in their individual capacity. [Doc. # 11 at 1].

3

### A. Claims Against Missouri Department of Revenue and Missouri License Bureau

The Eleventh Amendment bars "any suit in which the State or one of its agencies or departments is named as the defendant." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984). As both the Missouri Department of Revenue and Missouri License Bureau are departments of the State of Missouri, suit against them is barred by the Eleventh Amendment.

### B. Claims Against Individual Defendants

Any claims for damages brought by Allen against the individual Defendants in their official capacities as state officials are also barred by the Eleventh Amendment. *See Id.* at 100. However, Allen may sue the state officials in their official capacities for prospective injunctive relief. *See Brandon v. Holt,* 469 U.S. 464, 472 n. 21 (1985); *Ex parte Young*, 209 U.S. 123, 159-160 (1908). However, as Allen's driving privileges were reinstated in May of 2011, there is no injunctive relief available to Allen. Thus, Allen's official capacity claims against the individual Defendants for either damages or injunctive relief are dismissed in their entirety.

The Court must now determine whether Allen may bring claims against the individual Defendants in their individual capacities. Defendants allege that these claims are barred by qualified immunity. The doctrine of qualified immunity prevents civil liability from attaching to certain government officials for "actions that do not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Young*

*v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007) (internal citations omitted). The defense is designed to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341(1986). Thus, to avoid dismissal of his due process claims on qualified immunity grounds, Allen must be able to allege that he had a clearly established right to receive notice before his CDL was revoked.

However, there is no clearly established right to receive timely notice before a license is revoked. The U.S. Supreme Court has ruled that the lack of an administrative hearing prior to license revocation does not violate due process but did not address the question of whether prior notification is required. *See Dixon v. Love*, 431 U.S. 105, 113-14 (1977) (ruling that Illinois statute and regulations providing for summary suspension or revocation of motorist license comported with due process despite the fact that a full administrative hearing was available only after the suspension or revocation had taken effect). Allen has not presented any federal or Missouri case law in which courts have interpreted the federal constitutional right to due process as requiring prior notice of license revocation. In fact, Missouri courts have consistently refused to require the Director of Revenue to issue timely notification in license revocation cases. *See Lawrence v. Director of Revenue*, 2011 WL 4367337, *2 (Mo. Ct. App. 2011) (ruling that no statute of limitations existed for the filing of a notification of a suspension of driving privileges even if the best practice would have been to notify the driver of the suspension of his driving privileges expeditiously, rather than 18 to 20 months after his arrest); *Sumpter v. Director of Revenue*, 88 S.W.3d 491, 495 (Mo. Ct. App. 2002) (permitting Director of Revenue to issue notification of revocation of a driver's license more

than a year-and-a-half after the offending convictions). Given the existing case law, the requirement to provide notice before revocation of a driver's license fails to rise to the level of clearly established law. Thus, qualified immunity attaches to all individual defendants and Allen's claims for due process violations are hereby dismissed.

Allen also alleges that Defendants violated his Eighth Amendment rights against cruel and unusual punishment. He claims that the revocation of his license led to his inability to find a job and his homelessness. [Doc. # 1-1 at 9]. However, here, the doctrine of qualified immunity also applies to bar Allen's Eighth Amendment claim from moving forward. Under existing law, the revocation of a driver's license does not rise to the level of cruel and unusual punishment forbidden by the Eighth Amendment. *C.f. Trop v. Dulles*, 356 U.S. 86, 100 (1958) (finding the non-physical punishment of denationalization to represent cruel and unusual punishment as it represented "the total destruction of the individual's status in organized society"). Thus, Allen's Eighth Amendment claim is also dismissed.

### III. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss [Doc. # 11] is GRANTED. Plaintiff's Motion for Appointment of Counsel [Doc. # 25] is hereby DENIED as moot.

s/ Nanette K. Laughrey
                                                        NANETTE K. LAUGHREY
                                                        United States District Judge

Dated: January 24, 2012
Jefferson City, Missouri